IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA, GEORGIA

| | |
|---|---|
| RBW LOGISTICS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>ARGLASS YAMAMURA SE, LLC,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 7:22-cv-00059-HL |

**PROPOSED SCHEDULING AND
DISCOVERY ORDER**

The parties held a Rule 26(f) conference on December 8, 2022. At that conference, the parties agreed to mediate the case, and on December 21, 2022, the Court ordered all case deadlines stayed until March 15, 2023 so the parties could mediate. *See* Dkt. 24. In accordance with the Court's Rules 16 and 26 Order dated November 28, 2022 and Order dated December 21, 2022, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.    Nature of the Case:**

*Please include a brief description of the nature of the case and the legal issues to be tried. This summary should not be argumentative nor recite the evidence, but should call the Court's attention to any unique or complex issues or circumstances surrounding the case.*

#3519872v3

Arglass produces glass bottles at a manufacturing plant in Valdosta, GA. Arglass contracted with RBW to perform services for Arglass under a June 1, 2021 Master Services Agreement ("Agreement"). After a number of disagreements between the parties, the Agreement was terminated in January 2022.

RBW has asserted claims for breach of contract, account stated, conversion, and attorney's fees. Arglass has asserted claims for breach of contract and attorney's fees.

**RBW Legal Issues to be Tried:**

- Whether Arglass breached the Master Services Agreement by failing to pay RBW for services provided.
- The amount of damages Arglass caused RBW by breaching the Master Services Agreement.
- Whether Arglass can dispute RBW invoices outside 30 days of receipt.
- The amount of interest to be assessed to the damages Arglass caused RBW.
- Whether Arglass attempted in good faith to perform its duties under the Master Services Agreement.
- Whether Arglass' lack of good faith to achieve full integration of the AGVs constituted a breach of contract.
- Whether Arglass admitted amounts owed to RBW on RBW's accounts stated.
- The amount Arglass owes RBW for warehouse services rendered.
- Whether Arglass has interfered with RBW's property.
- The amount of damage Arglass has caused RBW by interfering with its property.
- Whether Arglass has acted in bad faith, has been stubbornly litigious, or caused RBW unnecessary trouble and expense by failing to pay undisputed amounts due and owing.
- The amount of Attorneys' fees and costs Arglass has caused RBW to incur by acting in bad faith and being stubbornly litigious.
- Whether Arglass' counterclaims are barred under the Master Services Agreement.

**Arglass Legal Issues to be Tried:**

- Whether RBW breached the Master Services Agreement;
- Whether RBW caused Arglass to lose a multi-million dollar supply contract and the extent of the resulting damages to Arglass;
- Whether RBW's breaches of the Master Services Agreement caused Arglass damages and the extent of the resulting damages to Arglass;
- The amount of any remaining Arglass damages, including attorney's fees and expenses;
- Whether any limitation-of-liability provision in the Master Services Agreement is enforceable;
- Whether Arglass's damages are covered under the Master Service Agreement's insurance and liability provisions;
- Whether the "unsecured investment" provision is an unenforceable termination penalty;
- Whether RBW appropriately mitigated its purported damages;
- Whether statutory interest applies to RBW's breach of contract claims;
- Whether RBW is entitled to recover under an account stated theory for disputed invoices;
- Whether, given that it was in material breach at that point, RBW could charge for manual labor services after the time-limited contractual Startup Period had ended;
- Whether RBW appropriately terminated the Master Services Agreement;
- Whether RBW complied with the conditions precedent to purport to charge Arglass under the accessorial charges provisions of the Master Services Agreement;
- Whether RBW has stated or established a claim for conversion; and
- Whether RBW acted in bad faith, has been stubbornly litigious, or caused Arglass unnecessary trouble and expense.

II.   **Counsel of Record:**

The following individually named attorneys are designated lead counsel for the parties:

*Please include all relevant contact information for each lead counsel or pro se litigant, including mailing address, phone number, facsimile number, and email address.*

#3519872v3

**RBW**

Kevin M. Phillips (admitted pro hac vice)
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 W. Monroe St., Ste. 1600
Chicago, IL 60603
Tel: (312) 255-7200
FAX: (312) 422-1224
kphillips@scopelitis.com

Brantley C. Rowlen
Lewis, Brisbois, Bisgaard & Smith LLP
24 Drayton Street
Suite 300
Savannah, GA 31401
Tel: (404) 348-8585
Fax: (912) 525-4961
Brantley.Rowlen@lewisbrisbois.com

**Arglass**

Fredric J. Bold, Jr.
Bondurant, Mixson & Elmore, LLP
1201 W. Peachtree St. NW. Ste. 3900
Atlanta, GA 30309
Tel: (404) 881-4158
FAX: (404) 881-4100
bold@bmelaw.com

III. **Complaint and Answer filing dates:**

| | |
|---|---|
| Complaint filed: | May 16, 2022 |
| Removed to this Court: | June 23, 2022 |
| Answer/Counterclaims filed: | June 30, 2022 |
| Amended Answer/Counterclaims filed: | August 11, 2022 |

IV. **Discovery Deadlines:**

A. **Time for Discovery**

The time for fact discovery in this case shall expire September 15,

#3519872v3

<u>2023</u>, that being no more than 180 days after the submission of the Proposed Order to the Court.

The parties request that following fact discovery the Court set an October 15 expert discovery deadline for the production of any affirmative expert reports by the parties, a November 15 deadline for the production of any rebuttal expert reports, and a December 15 deadline for the completion of any expert depositions.

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

B.  **Scope of Discovery**

*Please state the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues. See Fed. R. Civ. P. 26(b)(1), (f)(3)(B).*

The parties have set forth in IV.A above a proposed discovery period that bifurcates fact and expert discovery. The parties anticipate needing discovery on the following topics. The inclusion of any topic here is not a waiver of either party's right to contest a topic's relevance, propriety, scope, etc.

**RBW:**
- Arglass' request for proposal of services (the "RFP");
- Arglass' intent for issuing the RFP and surrounding the formation of the Master Services Agreement;
- Arglass' express, implied, and objective representations surrounding the Master Services Agreement;
- Arglass' intent, or lack of intent, to achieve full automation/integration;
- Actions taken by Arglass that blocked or attempted to block RBW from achieving full automation/integration;
- Arglass attempts, or lack of attempts to perform its obligations under the Master Services Agreement;
- Actions taken by Arglass, or by agents of Arglass to impede

- RBW's full use of the warehouse;
- Arglass' technology/integration capabilities;
- Arglass' intentions and efforts to fully automate, or allow RBW to fully automate the warehouse;
- Arglass' non-payment of RBW's invoices;
- Arglass untimely basis for disputing RBW's invoices;
- The relationship between RBW and Arglass;
- Specific acts Arglass took to breach the Master Services Agreement;
- Services RBW performed for Arglass;
- The Equipment bought by RBW in relation to the Master Services Agreement;
- The relationship between Arglass/RBW and third-parties such as Canon Business Process Services, Inc., Amerden, Carolina Handling and Design Group;
- Previous contracts Arglass had with third-parties for the same services it contracted with RBW for;
- Arglass' interference with and conversion of RBW's property;
- The bases and monetary calculation for Arglass' alleged lost profits and other damages under its Counterclaim.
- Arglass' financial information related to its alleged lost profit damages under its Counterclaim.
- Arglass' contractual relationship with Diageo and the causation of any alleged lost business between Arglass and Diageo regarding the Smirnoff Ice line.

**Arglass:**

- Arglass's request for RBW to provide services, RBW's responses, and RBW's experience and capabilities (or lack thereof) to perform as promised;
- The parties' pre-contractual due diligence and the MSA;
- The engagement under the MSA and the parties' performance;
- RBW's failed attempts to integrate and automate the warehouse;

#3519872v3

- RBW's warehouse mismanagement and organizational, shipping, operational, accounting, and employee errors and the like;
- The background, qualifications, performance, and cost of the manual labor RBW provided to run Arglass's warehouse;
- The nature and amount of monetary harm that RBW caused Arglass;
- The loss of the Diageo Smirnoff Ice line caused by RBW;
- The basis for and propriety of the amounts that RBW contends Arglass owes and any other alleged damages claimed by RBW;
- The basis for RBW's claims regarding any remaining Equipment that it has not already received back;
- RBW's mitigation of its alleged damages, if any;
- RBW's use or sale of the AGVs and other Equipment;
- The return of any equipment or supplies purportedly owed by RBW; and
- Attorney's fees and expenses.

C.  **Electronically Stored Information**

*Please discuss any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. See Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C).*

The parties will stipulate to a joint ESI Protocol which will require the production of documents in the format of single-page TIFFS for all documents except Excel (and any other spreadsheet files). For Excel/spreadsheet files, the parties agree to provide Bates-numbered slipsheets with links to the native files. Metadata shall be produced in DAT/OPT load files.

D.  **Privilege Claims**

*Please discuss any issues about claims of privilege or of protection as trial- preparation materials, including – if the parties agree on a*

#3519872v3

*procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. See Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D).*

The parties agree that where only a portion of a document or document family contains privileged information, the producing party shall redact only the substance of the information claimed as privileged and shall produce the remainder of the document and document family in unredacted form.

Neither party may redact documents based on relevance. If any part of a document or document family is responsive and non-privileged, each party shall produce the entire document family unredacted.

The parties agree that the format of any privilege or redaction logs shall include the following columns of information: identifying document number, date, sender, all recipients (to:, cc:, and bcc:), verbatim subject line of any email/communication or document (to the extent privledge is not waived), all privileges asserted, and a description of the subject matter of the withheld document/information specific enough to test the propriety of the privilege assertion but without revealing the claimed privileged information. Any attachments to emails or documents will have their own row on the privilege log immediately following the parent document. The parent documents on the privilege log shall be listed in chronological order. And the senders and recipients listed shall include both the individual's full name and, for emails, email address.

The parties agree that any subsequent agreement about the content or form of the parties' privilege logs shall apply mutually to both sides.

### E. <u>Witnesses to be Deposed</u>

*Please include the name and address of every witness to be deposed.*

Based on the information currently available to both sides, the parties provide the following lists of expected deponents. The parties reserve the right to add to or subtract from this list based on the parties' continued investigation, discovery, and other developments in the litigation.

#3519872v3

Pursuant to Federal Rule of Civil Procedure 30, RBW believes it will need more than 10 depositions due to the complexity of the case and the number of key witnesses; Arglass disagrees. The parties further agree that RBW's inclusion of more than 10 deponents in the list below and/or the Court's approval of this Proposed Scheduling and Discovery Order do not constitute approval by Arglass or the Court for RBW to take all of the listed depositions. If needed, an appropriate motion will be made.

**RBW:**

- ARGLASS YAMAMURA SE, LLC
- Jose Diego Arozamena, CEO, Arglass
- Steven Smith, IT Director, Arglass
- Andrew Williams, former IT Director, Arglass
- Jason Buxton, former IT Director, Arglass
- Joe Luna, Vice President of Supply Chain, Arglass
- Austin Griffis, Logistics Specialist, Arglass
- Romulo Tinoco Costs, Quality, Arglass
- Scott Cargill, Account Executive, Design Group
- Bala Ramasamy, Engineer, Design Group
- Chris Youngs of Carolina Handling
- Matt Lynkowski of Carolina Handling
- Canon Business Process Services, Inc. Representatives
- Amerden Represenatatives
- Ray Reddick of Diageo
- Landon Miley of AMX Trucking
- Testifying experts for Arglass which are not known at this time

**Arglass Address:**

- 1 Arglass Rd, Valdosta, GA 31601

#3519872v3

**Design Group's address:**

- 8235 Forsyth Boulevard, Suite 900, St. Louis, MO 63105

**Carolina Handling's address:**

- 92 Howell Avenue, Fairburn, GA 30213

**Arglass:**

- RBW Logistics Corporation
- Frank Anderson, President, RBW
- Robert Willert, Chief Operating Officer, RBW
- Tony Calabrase, Chief Technology Officer, RBW
- John Albright, Senior Operations Manager, RBW
- Aaron Ferguson, Business Analyst – Operations & Development, RBW
- Katie Oldham, IT Support Specialist, RBW
- Derik Aiken, Operations Manager, RBW
- Any testifying expert witness for RBW

Addresses for RBW Witnesses:

- 326 Prep Phillips Drive, Augusta, GA 30901
- 1634 Tobacco Road, Augusta, GA 30906
- The identity and address of any testifying expert for RBW is not known at this time.

F.   **Expert Witnesses**

1.   **Designation of Experts**

The parties have agreed to a proposed expert designation schedule in IV.A above.

2.   **Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and shall be disclosed in accordance

with the expert schedule proposed in IV.A above. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

### G. Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

The parties have stipulated to a joint protective order applicable to all documents produced in this matter and will file that proposed order for the Court's consideration within the next seven days.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Nora Paul, Courtroom Deputy (478.752.0725) to request a telephone conference with the Court.

In advance of any such call with the Court, the parties request that they be permitted to file a maximum 2-page letter brief providing an overview of the discovery issues to be discussed.

## V. Time for Filing Motions:

### I. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than <u>May 15, 2023</u>, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### J. Dispositive Motions

All dispositive motions must be filed no later than 30 days after the

#3519872v3

expiration of expert discovery in this case.

K.  *Daubert* **Motions**

All *Daubert* motions must be filed no later than 30 days after the expiration of expert discovery in this case.

VI. **Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 15th day of March, 2023.

*/s/ Eric J. Meyers*
Eric J. Meyers
(admitted pro hac vice)
Kevin M. Phillips
(admitted pro hac vice)
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 W. Monroe St., Ste. 1600
Chicago, IL 60603
Tel: (312) 255-7200
FAX: (312) 422-1224
kphillips@scopelitis.com

Brantley C. Rowlen
Lewis, Brisbois, Bisgaard & Smith LLP
24 Drayton Street
Suite 300
Savannah, GA 31401
Tel: (404) 348-8585
Fax: (912) 525-4961
Brantley.Rowlen@lewisbrisbois.com

*/s/ Fredric J. Bold, Jr.*
Frank Lowrey, IV
lowrey@bmelaw.com
Fredric J. Bold, Jr.
bold@bmelaw.com
Megan Cambre
cambre@bmelaw.com
E. Allen Page
page@bmelaw.com
Bondurant, Mixson & Elmore, LLP
1201 W. Peachtree St. NW. Ste. 3900
Atlanta, GA 30309
Tel: (404) 881-4158
FAX: (404) 881-4100

*Counsel for Arglass Yamamura SE, LLC*

#3519872v3

Loren R. Ungar
Lewis, Brisbois, Bisgaard & Smith LLP
2929 North Central Avenue
Suite 1700
Phoenix, Az 85012
Loren.Ungar@lewisbrisbois.com

Jason C. Pedigo
Ellis Painter
7E Congress St.
2nd Floor
Savannah, GA 31401
pedigo@ellispainter.com

*Counsel for RBW Logistics Corporation*

#3519872v3

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this 22nd day of March, 2023.

<u>**s/Hugh Lawson**</u>
HON. HUGH LAWSON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

#3519872v3

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I caused to be electronically filed the foregoing **PROPOSED SCHEDULING AND DISCOVERY ORDER** with the Clerk of Court using the Court's electronic filing system, which will automatically send email notification of such filing to all attorneys of record:

This 15th day of March, 2023.

/s/ *Fredric J. Bold, Jr.*
Fredric J. Bold, Jr.
Georgia Bar No. 544604

#3519872v3